Opinion issued December 12, 2008 


In The 

Court of Appeals

For The 


First District of Texas

NOS. 01-08-00654-CR 01-08-00721-CR 

IN RE YEBIO PETROS, Relator[1] 

Original Proceeding on Petition for Writ of Mandamus 


MEMORANDUM OPINION 

Relator, Yebio Petros, has filed petitions for writ of mandamus seeking post-conviction relief on two felony convictions in trial court cause numbers 845311 and 

Relator Yebio Petros is also known as Petros Yebio. 


845312.[2] Here, jurisdiction to grant post conviction relief on the final felony 

convictions in trial court cause numbers 845311 and 845312 has passed to the Texas 

Court of Criminal Appeals in accordance with article 11.07 of the Texas Code of 

Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. Art. 11.07 (Vernon Supp. 

2008); Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth 

District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Ater v. Eight Court of 

Appeals, 802 S.w. 2d 241 (Tex. Crim. App. 1991). 

Accordingly, we dismiss the petitions for lack of jurisdiction 

It is so ORDERED. 

On August 23, 2002, the Sixth Court of Appeals issued opinions in trial court cause numbers 845311 and 845312. The Sixth Court affirmed the judgments as reformed the judgments to reflect that the sentences shall be served concurrently. Petros Yebio v. State, 87 S.W. 3d 193 (Tex. App.—Texarkana [6th Dist.] August 23, 2002, pet. ref’d.). The mandate issued on February 27, 2003; Petros Yebio v. State, 2002 WL 1940296, No. 06-01-00164-CR (Tex. App.—Texarkana [6th Dist.] August 23, 2002, pet. ref’d.). The mandate issued on February 27, 2003. The judgments of the Sixth Court of Appeals are final. 

We also note that relator’s petitions do not meet the requirements of the Texas Rules of Appellate Procedure because they do not include an appendix, a complete list of all parties, an index of authorities, a copy of the judgments and sentences complained of, and do not certify that a copy of the petitions were served on respondent. See TEX. R. APP. P. 9.5, 52.3(a)(c)((j). The relator has not provided this Court with a record sufficient to establish his right to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). 

2 

PER CURIAM Panel consists of Justices Jennings, Hanks and Bland. Do not publish. TEX. R. APP. P. 47.2(b). 

3